## Jesse Foval

v.

## Anna Stahl.

*Action for Goods Sold—Husband and Wife—Agency.*

In an action brought by a wife, in whose name her husband carried on business, to recover for goods sold, this court reverses a judgment for the plaintiff, as it appears from the evidence that the goods were bought upon an understanding, known to the plaintiff, that they were to be credited on a judgment against her husband.

[Opinion filed June 14, 1887.]

Appeal from the County Court of Calhoun County; the Hon. Stephen McDonald, Judge, presiding.

Messrs. Pinero & Selby, for appellant.

Mr. F. M. Greathouse, for appellee.

Conger, P. J. Jesse Foval, appellant, on the 11th day of April, 1883, recovered a judgment against Herman Stahl, husband of appellee, and Herman Benken, for $870.40 and costs. Stahl and Benken were at that time engaged as partners, running a mill, store and saloon. Shortly thereafter they failed and the business was carried on in the name of appellee, both her husband and Benken acting as her agents and conducting the business for her and in her name, without salary.

In May, 1884, appellant states he asked Stahl to pay his judgment, and he replied that he could not do that, but if appellant would take things out of the mill and store for himself and his tenants, he would pay a portion of the judgment that way every year; he also states that appellee was fully apprised of such arrangement. That under such arrangement he did get goods to the amount of $232.

One Stewart, the tenant of appellant, says that after getting

some goods for himself of Stahl on appellant's account at harvest time in 1885, he asked for more goods in the same way. Stahl told him he had better take them on his own account as he did not think he could stand it to let Foval have so much on that old claim; but upon Stewart's refusing to take them upon his own account, Stahl let him have them and charged them to appellant.

Stahl testified that he offered appellant goods on the judgment at 50 cents on the dollar, but does not know what appellant's reply was, but that afterward appellant got the goods. That his wife may have known of the arrangement but asked no questions about it. He generally did the business, and whatever he did they (his wife and Benken) were satisfied with.

Benken testified that he don't know that appellant ever told him of the contract between appellant and Stahl. Stahl might have told him that appellant was to have goods, but does not remember it. For these goods appellee brought suit and recovered.

We think the clear preponderance of the evidence goes to show that appellant bought these goods with the understanding that they were to be credited upon his judgment, and with the knowledge of appellee, and for that reason appellee had no right of recovery.

The judgment of the County Court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*